# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY S. WINDLE,<br><br>  Petitioner,<br><br>  v.<br><br>STEVIE M. KNIGHT,<br><br>  Respondent. | Civil Action<br>No. 23-1524 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for failure to exhaust and will alternatively deny the Petition on the merits.

## I.   BACKGROUND

This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's earned time credits ("ETC") under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq. See generally* 18 U.S.C. § 3632. Petitioner alleges that the BOP has refused to apply 275 days of ETCs towards early transfer to supervised release. (ECF No. 1, at 2, 6–7.) According to Petitioner, he earned those 275 ETCs while serving two of his prior sentences, and now seeks to apply those credits to his current sentence. (ECF No. 1-3, at 1–2.)

By way of background, in March of 2009, Petitioner pleaded guilty to numerous counts of mail fraud, wire fraud, money laundering, and tax evasion, and the United States District Court for the District of Massachusetts sentenced Petitioner to, among other things, a 180-month term of incarceration and a 3-year term of supervised release. (ECF No. 6-1, at 2, 10); *United States v. Windle*, Crim. No. 08-10184, ECF No. 79, at 2–3 (D. Mass.). After serving that first sentence, the

BOP released Petitioner from custody on March 23, 2020, to begin serving his first term of supervised release. (ECF No. 6-1, at 2.)

On May 5, 2021, the sentencing court revoked Petitioner's first term of supervised release and sentenced him to a separate 12-month prison term, with a 24-month term of supervised release. (*Id.* at 2, 8); *Windle*, Crim. No. 08-10184, ECF No. 223, at 1–4 (D. Mass.). Petitioner completed serving his second sentence, and the BOP released Petitioner from custody on January 20, 2022, to begin serving his second term of supervised release. (ECF No. 6-1, at 1–2, 6.) On November 29, 2022, the sentencing court revoked Petitioner's second term of supervised release and sentenced him to a new 24-month prison term, with a 12-month term of supervised release. (ECF No. 6-1, at 2, 6); *Windle*, No. 08-10184, ECF No. 259, at 1–4 (D. Mass.). Petitioner is currently serving this sentence.

As to his administrative remedies, Petitioner alleges that he raised his ETC claim through a BP-8, BP-9, and BP-10, but makes no mention of a BP-11. (ECF No. 1, at 2–3.) According to a declaration from a BOP specialist, Petitioner did not file a BP-11 with the BOP's central office, prior to initiating this case on March 20, 2023. (ECF No. 6-1, at 2–3.) Rather, Petitioner did not file his BP-11 until April 17, 2023, nearly one month after he filed his Petition. (*Id.* at 3.) Petitioner did not contest this chain of events.

On March 20, 2023, Petitioner filed the instant Petition under 28 U.S.C. § 2241, challenging the BOP's calculation of his ETCs. (ECF No. 1.) Respondent filed an Answer opposing relief, (ECF No. 6), and Petitioner did not file a reply.

## II.  STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas

petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

### III. DISCUSSION

Respondent argues that the Court should dismiss the Petition for Petitioner's failure to exhaust his administrative remedies, and alternatively, that the Court should deny the Petition on the merits. (ECF No. 6, at 12–15.) Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840

F.2d 202, 205 (3d Cir. 1988). Nevertheless, exhaustion is not required where it would not promote these goals, such as where exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm" *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13. If that fails to informally resolve the issue, then the inmate may submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a). An appeal to the general counsel is the final level of administrative appeal. *Id.*

With those principles in mind, Respondent alleges that Petitioner filed a BP-8, BP-9, and BP-10, but never filed a BP-11 with the BOP's central office, prior to initiating this case on March 20, 2023. (ECF No. 6-1, at 2–3.) Rather, Petitioner did not file his BP-11 until April 17, 2023. (*Id.* at 3.) Petitioner had the opportunity to dispute these allegations, but he never filed a reply. Further, the Petition does not allege any facts that would permit the Court to find that exhaustion would be futile, that requiring exhaustion would subject Petitioner to irreparable injury, or any other reason

to excuse exhaustion. (*See generally* ECF No. 1.) Consequently, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.

That said, Petitioner's ETC claim also lacks merit. Petitioner emphasizes that that under 18 U.S.C. § 3632(4)(C), "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." (ECF No. 1-3, at 2–3.) He argues that since he has already completed the relevant programs during his prior sentences, he has earned an additional 275 days of ETC that should be applied to his current sentence. (ECF No. 1-3, at 3.)

Petitioner ignores, however, the immediately preceding provision of that statute, 18 U.S.C. § 3632(4)(B), which states that:

> A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed—
>
> (i) prior to the date of enactment of this subchapter; or
>
> (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

*See also* 28 C.F.R. § 523.42(a) ("An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).). Under 18 U.S.C. § 3585(a), a term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of [the] sentence at, the official detention facility at which the sentence is to be served."

Applying those statutes here, Petitioner could not have earned any ETCs prior to the First Step Act's effective date of December 21, 2018, which encompasses most of Petitioner's first sentence. 18 U.S.C. § 3632(4)(B)(i); (*see* ECF No. 6-1, at 2, 8); *see also Hare v. Ortiz*, No. 18-

588, 2021 WL 391280, at *10 (D.N.J. Feb. 4, 2021).  More importantly, Petitioner could not earn time credits for successfully completing recidivism reduction programs "prior to the date that . . . [his] sentence commence[d]."  18 U.S.C. § 3632(4)(B)(ii); *see also Yufenyuy v. Warden, FCI Berlin*, No. 22-443, 2023 WL 2398300, at *3 (D.N.H. Mar. 7, 2023).  Petitioner completed serving his two prior sentences, and was released after each sentence, before he entered into BOP custody to serve his third and current sentence.  (*See* ECF No. 6-1, at 1–2, 6, 8.)  In other words, Petitioner could not have earned ETCs towards his current sentence, during his prior sentences, because his current sentence had not yet "commenced" while he was serving those prior sentences.  18 U.S.C. §§ 3632(4)(B)(ii), 3585(a); 28 C.F.R. § 523.42(a).  Accordingly, the Court would alternatively deny the Petition on the merits.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for Petitioner's failure to exhaust and will alternatively deny the Petition on the merits.  An appropriate Order follows.


DATED:  August 21, 2023

                                                          /s/ Christine P. O'Hearn
                                                          **Christine P. O'Hearn**
                                                          **United States District Judge**